IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:96cr114

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| JEFFREY LAVERNE CURRENCE. ) | |
| ) | |

    **THIS MATTER** is before the Court on the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(2) [Doc. 66].

The Government has sought and been granted two extensions of time to respond to the Defendant's Motion, but has not filed any response opposing the Motion, and the time for response has now expired. The Probation Office has prepared a Supplement to the Presentence Investigation Report in this matter, and has recommended that the Motion be denied.

By this Motion the Defendant seeks the reduction in his term of imprisonment based on a guideline range that has subsequently been lowered and made retroactive by the United States Sentencing

Commission pursuant to 28 U.S.C. §994(u).

The Court determines that the Guideline Range prior to the application of any departures was previously as follows: that the Offense Level was 35, the Criminal History Category was III and the Guidelines Range was 210 months to 262 months. Applying the retroactive amendment, the Amended Offense Level is 33, the Criminal History Category remains III, and the Amended Guideline Range is 168 months to 210 months. Notwithstanding the original Guideline Range, the term of imprisonment imposed upon the Defendant was 168 months, which was less than the guideline range applicable to the Defendant at the time of sentencing as a result of a departure or Rule 35 reduction. Calculating a reduction comparably less than the amended guideline range per USSG §1B1.10 would yield a revised sentence of 134 months, which is less than the time the Defendant has already served.

In determining whether to grant the relief the Defendant seeks, the Court must, and herein does, consider the factors set forth in 18 U.S.C. 3553(a), as well as the factors set out in the policy statements of the Sentencing Commission with regard to this amendment, including issues of public safety and the post-sentence conduct of the Defendant. The Court

2

finds that the Defendant's repeated disciplinary violations while in custody reflects the need for the Bureau of Prisons to have an opportunity to intensively prepare the Defendant for his release and for his adjustment to society, and that based thereon that reducing the Defendant's sentence to time served would be inappropriate.

Thus, taking all of these factors into account, the Court in its discretion will grant in part the Defendant's Motion to reduce his sentence, and will reduce the sentence to 160 months, and the Court finds and concludes that such reduction is appropriate under the circumstances of this case.

**IT IS THEREFORE ORDERED**, that the Defendant's Motion for Reduction of Sentence [Doc.66] is granted in part, and his sentence is hereby reduced to 160 months. Except as provided herein, all provisions of the Judgment in this matter dated June 2, 1997, shall remain in effect.

Signed: May 27, 2008

Martin Reidinger
United States District Judge